UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

12 CV 8829

MARY ~~EDEN~~ R. KASEAIE

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

JUMEIRAH HOSPITALITY & LEISURE (USA), INC

JUMEIRAH ESSEX HOUSE, LLC

_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

COMPLAINT
FOR EMPLOYMENT
DISCRIMINATION

Jury Trial:  ☐ Yes  ☐ No
*(check one)*

[Stamp: U.S. DISTRICT COURT FILED DEC 04 2012 S.D. OF N.Y.]

[Stamp: DEC 04 2012 PRO SE OFFICE]

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

   **☒**   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
         **NOTE:** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

   **☒**   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
         **NOTE:** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

   ☐   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
         **NOTE:** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

   **☒**   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

   **☒**   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

Rev. 05/2010                                1

## I. Parties in this complaint:

A. List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff Name MARY EDEN R. KASHAIE
Street Address 3 LEEWOOD CIRCLE, APT # 3L
County, City EASTCHESTER
State & Zip Code NEW YORK, NY 10709
Telephone Number 914-202-7732

B. List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant Name JUMEIRAH HOSPITALITY + LEISURE (USA), INC.
Street Address 1350 AVENUE OF THE AMERICAS, SUITE 600, JUMEIRAH ESSEX HOUSE
County, City NEW YORK
State & Zip Code NY 10019
Telephone Number 212-247-0300

C. The address at which I sought employment or was employed by the defendant(s) is:

Employer JUMEIRAH ESSEX HOUSE
Street Address 160 CENTRAL PARK SOUTH
County, City NEW YORK
State & Zip Code NY 10019
Telephone Number 212-247-0300

## II. Statement of Claim:

State as briefly as possible the facts of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

____   Failure to hire me.

____   Termination of my employment.

__✗__   Failure to promote me.

____   Failure to accommodate my disability.

__✗__   Unequal terms and conditions of my employment.

        _____    Retaliation.

        _____    Other acts *(specify)*: _____.

    *Note:* Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.

B.   It is my best recollection that the alleged discriminatory acts occurred on: **2006 – 2012**
                                                                                                                           Date(s)

C.   I believe that defendant(s) *(check one)*:

        _____    is still committing these acts against me.

        __X__    is not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

    ☐ race _____    ☐ color _____

    ☐ gender/sex _____    ☐ religion _____

    ☒ national origin **FILIPINO**

    ☒ age. My date of birth is **03/27/1951** *(Give your date of birth only if you are asserting a claim of age discrimination.)*

    ☐ disability or perceived disability, _____ *(specify)*

E.   The facts of my case are as follow *(attach additional sheets as necessary)*:

    **PLEASE SEE ATTACHED**

_____

    *Note:* As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.

## III. Exhaustion of Federal Administrative Remedies:

A.   It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B.     The Equal Employment Opportunity Commission *(check one)*:

      _____ has not issued a Notice of Right to Sue letter.

      _____ issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

*Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.     Only litigants alleging age discrimination must answer this Question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

      _____ 60 days or more have elapsed.

      _____ less than 60 days have elapsed.

## IV. Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

I declare under penalty of perjury that the foregoing is true and correct.

Signed this \_\_\_ day of _____, 20\_\_\_.

Signature of Plaintiff    *Mary Eden R. Kasava* (signature)

Address    3 Lenora Circle, #3L
Eastchester, NY 10709

Telephone Number    914-202-7732

Fax Number *(if you have one)* _____

EEOC Form 161-B (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| | |
|---|---|
| To: Mary Eden Kasraie<br>3 Leewood Circle<br>Apt. 3I<br>Eastchester, NY 10709 | From: New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |

[ ]   On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2013-00268 | John B. Douglass,<br>Supervisory Investigator | (212) 336-3665 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ]   More than 180 days have passed since the filing of this charge.

[X]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)          _/s/ Kevin J. Berry_          11/26/12
                             Kevin J. Berry,                 (Date Mailed)
                             District Director

cc:    Thomas Civitano
       Vice President
       JUMEIRAH HOSPITALITY AND LEISURE USA INC.
       1350 Avenue Of The Americas
       New York, NY 10019

October 21, 2012

Discrimination in employment due to race, nationality and age. I am now 61 years old and still working at the Essex House in Sales Department as administrative assistant but under Marriott International.

I have been employed at the Essex House Hotel from 1999 to present with changing managements from Essex House, A Westin Hotel (Starwood Hotels & Resorts) 1999-2006, Jumeirah Essex House (Jumeirah Hotels & Resorts) 2006-2012, JW Marriott Essex House (Marriott International) 2012 to present.

From 2006-2012, under the management of Jumeirah Essex House I endured discrimination. Due to fear of losing my job, with patient and tenacity I survived. During Jumeirah's 'regime', I was not promoted, not consistently paid overtime, lesser salary at least by $10,000/year compared to same position held by white and black, young employees since 2006. The worst of all, when I needed my finances the most, when my husband died in July 2009, I found out that Jumeirah came short, very short of providing me equal opportunity in employment benefit particularly my spousal insurance ($100,000 claim) which I had been paying since 1999. Jumeirah discontinued that benefit when it was available to everyone. I have all of these documented.

I sued in May 2011 - Only for my spousal insurance although they had already been discriminating me since they took over the Essex House in 2006. I needed the money to save my apartment and from bankruptcy.

In September 2012, Jumeirah Essex House's attorney offered a settlement. In spite of their allegation that my case is a 'nuisance and without merit, they offered to settle my spousal insurance for mere $5,000. My insurance claim is $100,000. Because Marriott International accepted my continuance of employment, I decided to move on and accepted their offer $5,000 to settle my spousal insurance case with them. Please see attached agreement which my lawyer edited.

I declined due to condescending Letter of Offer that Jumeirah Essex House, LLC asked me to sign, please see attached. That they did not deliver what was agreed upon – $4,338.57 - less than was agreed upon and it enumerated all other iniquities and unfair employment practices they did to me in spite of the fact that I have not raised all of those iniquities they themselves anticipated I would go after.

My lawyer and his partner declined to represent me without a down payment of $10,000.00. I do not have the money, the reason I am asking for a pro bono lawyer to represent me with reasonable fee.

I am suing the Jumeirah Hospitality & Leisure (USA), Inc. Jumeirah Essex House, LLC for _____ for running my career down to the ground with all their iniquities and wrongdoings since 2006 resulting to my suffering, anxiety, fear, demoralized self worth and integrity.

Mary Eden R. Kasraie

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

**WHEREAS,** on or about October 28, 2011, MARY EDEN KASRAIE, on behalf of herself, ("Plaintiff") by and through her attorney, served a demand letter upon JUMEIRAH HOSPITALITY & LEISURE (USA), INC. and JUMEIRAH ESSEX HOUSE HOTEL (the "Company") asserting violations of the Employment Retirement Income Security Act ("ERISA") §101-104. 29 U.S.C. §1021-1024, and applicable U. S. Department of Labor Regulations (the "Action") and seeking to recover Spousal Life Insurance benefits; and

**WHEREAS,** Plaintiff desires to fully and finally resolve and settle in full all claims that she had, have or may have against the Company including, but not limited to, all claims and issues that were or could have been raised in a formal Complaint filed in federal or state court; and

**WHEREAS,** Counsel for Plaintiff and the Company (jointly referred to as the "Parties") have exchanged and analyzed numerous payroll, plan, and employment documents and have negotiated to reach a settlement acceptable to the Parties. ~~which constitutes a reasonable compromise of her claims and defenses; and~~

~~**WHEREAS,** Counsel for the Parties have negotiated the attorneys' fees to be paid as part of this Settlement Agreement and General Release (the "Agreement") and have agreed that this is a fair and reasonable amount of attorneys' fees to be paid as part of the settlement of this action;~~

**NOW, THEREFORE,** in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

- 1 -

#358258.1

**IT IS HEREBY STIPULATED AND AGREED** by and between Plaintiffs and the Company that:

1. In consideration of the payment to Plaintiff of a total amount of Five Thousand and 00/100 ($5,000.00) Dollars (the "Settlement Amount"), inclusive of attorneys' fees, and less applicable taxes, and other valuable consideration set forth elsewhere in this Agreement to which they are not otherwise entitled, Plaintiff hereby releases and forever discharges the Company, its officers, directors, shareholders, employees, agents, representatives, parent companies, affiliates, predecessors, successors, subsidiaries, and other related companies (all of whom jointly and severally constitute and are hereinafter singularly and collectively referred to herein as Releasors, both individually and in their official capacities) from any and all claims, causes of action, suits, back-wages, benefits, including but not limited to, spousal life insurance and life insurance, disability insurance, accidental death and dismemberment insurance and any other insurance plan, attorneys' fees, pain and suffering, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known or unknown, which against Plaintiff, her heirs, executors, administrators, agents, successors and assigns ever had, may now have or hereafter can, shall or may have, for, upon or by reason of any matter, cause or thing whatsoever, including, but not limited to, those arising under any federal, state or local, human or civil rights, wage-hour, defined benefit, defined contribution, and life insurance plan, or labor laws and/or regulations, contract or tort laws, including, but not limited to, The Employment Retirement Income Security Act, Title VII of the Civil Rights Act of 1964, as amended; 42 U.S.C. Section 2000(e) *et seq.*; 42 U.S.C.

#358258.1

Section 1981 and 1983; Age Discrimination in Employment Act; Americans with Disabilities Act; New York State Executive Law, Sections 290, *et seq.*; New York City Administrative Code; Equal Pay Act of 1963, as amended, 29 U.S.C. Section 206, *et seq.*; Fair Labor Standards Act; Labor Management Relations Act of 1947, as amended, 29 U.S.C. Section 141, *et seq.*; and New York Labor Law from the beginning of the world to the date of this Agreement. <u>Likewise, the Company hereby releases and forever discharges Plaintiff from any and all claims, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, judgments, extents, executions, claims, charges, complaints and demands whatsoever, in law, or equity, of any and every kind, nature and character, known and unknown, for which the Company may now have or hereafter can, shall or may have, for, upon or reason of any matter, cause or thing whatsoever, from the beginning of the world to the date of this Agreement.</u>

2. The Parties agree that the Settlement Amount, inclusive of attorneys' fees referenced above, shall be paid as follows:

(a) Within ten (10) days of the date counsel for the Company receives the fully executed Agreement signed by Plaintiff, the Company shall deliver to Plaintiff's counsel two (2) checks, in the amounts set forth below, constituting full settlement of the matter.

(i) One (1) check totaling ~~_____ Thousand and 00/100 ($_____.00) Dollars~~<u>Four thousand three hundred ~~thrity~~thirty eight dollars and fifty seven cents ($4,338.57)</u> constituting Spousal Life Insurance benefits, subject to any and all applicable federal, state and local withholdings payable to Mary Eden Kasraie; and

(ii) One (1) check comprising the balance in the amount of ~~_____ and 00/100 ($_____.00) Dollars~~<u>Six hundred sixty one dollars and forty three cents ($661.43)</u> to Counsel, constituting reasonable attorneys' fees.

- 3 -

#358258.1

(b) All payments set forth above shall be delivered to Sapir & Frumkin, 399 Knollwood Road, Suite 310, White Plains, New York 10603.

3. Company shall issue an IRS form W-2 to Plaintiff for the portions of the Settlement Amount which constitute benefits. Plaintiff's Counsel will be issued a tax form 1099 at the appropriate time. Plaintiff agrees to hold harmless, and indemnify the Company from any payments Plaintiff may be required to make to any taxing authority resulting from the Plaintiff's failure to pay any taxes that Plaintiff owes related to said income.

4. Plaintiff represents that she has not filed any administrative complaints or charges with federal, state and local agencies/administrative bodies, and will withdraw with prejudice any and all judicial actions, lawsuits, claims, demands or actions pending against the Company both individually and in their/its official capacities. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against the Company which assert claims that arose prior to the signing of this Agreement. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, she promises and represents that she will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions. Plaintiff further agrees to waive the right to recover any monetary damages in any charge or lawsuit filed against the Company by Plaintiff's Counsel or by anyone else on her behalf which asserts claims that arose prior to the signing of this Agreement.

5. Plaintiff acknowledges that, upon receipt of the Settlement Amount, she has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance

#358258.1

with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

6.  Plaintiff shall keep the existence of and the terms and conditions of this Agreement and the facts underlying the lawsuit confidential except as may be required by law, except that she may discuss this Agreement with her accountant, financial advisor and members of her immediate family residing with her whom she will notify that such information is confidential, provided in all cases that each such person agrees to keep the information confidential and not to disclose it to others. The Company shall keep the terms and conditions of this Agreement confidential except as may be required by law and except as is necessary in connection with the operation of their business. This Confidentiality provision is a material term of this Agreement. Plaintiff understands that a breach of this provision by her or the individuals to whom she has disclosed the terms of or facts or circumstances underlying this Agreement and lawsuit will cause damage to Company in an amount difficult to ascertain. Therefore, in the event of a breach of this provision by Plaintiff or the individuals to whom she has made such disclosure, Plaintiff agrees that she will be liable to Company for liquidated damages in the amount equal to the Settlement Amount. In the event of a lawsuit to recover liquidated damages pursuant to this paragraph, the prevailing party shall be entitled to all damages allowable by law.

7.  Plaintiff shall not defame the Company, or cause any negative publicity to be disseminated about the Company in written, oral or electronic form. Similarly, the Company agrees that it shall not make any statement, written, oral or electronic, which in any way disparages Plaintiff.

8. Plaintiff acknowledges that after receipt of payment set forth in paragraph 2(a) hereof she has been paid in full for benefits and for all time worked and is owed no other forms of compensation or benefit pay, including, but not limited to, any contribution to, or payment from a defined benefit, defined contribution, spousal life insurance plan, life insurance plan, disability insurance, accidental death and dismemberment plan and any other insurance plan, vacation, bonus, commission or accrued benefit pay. She further voluntarily and unequivocally acknowledges and agrees that by entering into this Agreement, she voluntarily and knowingly waives any and all rights with the Company.

9. The Parties affirm that no promise, inducement or agreement not expressed in this Agreement has been made, and this Agreement contains the entire agreement of the Parties.

10. This Agreement does not constitute an admission by the Company of any wrongful action or violation of any federal or state statute, or common law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights. In fact, it is acknowledged that the Company explicitly refutes and denies any claims of wrongdoing.

11. This Agreement shall not be interpreted in favor of or against either party on account of such party having drafted this Agreement.

12. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

13. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law.

14. This Agreement may be executed in any number of counterparts, each of which shall

#358258.1

be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument.

15. All other notices and documents set forth herein shall be delivered to counsel for the Company at the following address: Kane Kessler, P.C., 1350 Avenue of the Americas, New York, NY 10019-4896; and to counsel for the Plaintiff at the following address: Sapir & Frumkin, 399 Knollwood Road, Suite 310, White Plains, New York 10603.

16. Plaintiff represents that she has been advised to consult legal counsel regarding this Agreement. She further represents that after having had a full opportunity of at least twenty-one (21) days to review and consider the terms and conditions of this Agreement, and having discussed them with her Counsel or financial advisor of her own choosing, and having had sufficient time to review and consider this Agreement, she fully understands all of the provisions of this Agreement and have executed same freely and voluntarily.

**IN WITNESS WHEREOF,** this Settlement Agreement and General Release is deemed duly executed as of the _____ day of September, 2012.


JUMEIRAH HOSPITALITY & LEISURE (USA), INC.
JUMEIRAH ESSEX HOUSE


By:_____




_____
     MARY EDEN KASRAIE

- 7 -

#358258.1

**SAPIR & FRUMKIN LLP**

ATTORNEYS AT LAW

399 KNOLLWOOD ROAD, SUITE 310

WHITE PLAINS, NEW YORK 10603

WRITER'S E-MAIL: WFrumkin@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

ELIZABETH E. HUNTER**
LEANNE R. HAMOVICH***
HOWARD SCHRAGIN
RAYMOND A. FRANKLIN

*ADMITTED IN N.Y. & CT
**ADMITTED IN N.Y. & CA
***ADMITTED IN N.Y. & N.J.

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

October 1, 2012

Ms. Mary Eden R. Kasraie
3 Leewood Circle, Apt. # 3L
Eastchester, New York 10709

   Re: *Mary Eden Kasraie v. Jumeirah Essex House*
     *Our File No. 11-8311*

Dear Mary Eden:

  As a result of Jumeirah Essex House's failure to negotiate a settlement that was acceptable to you, you have requested that we cease performing any further work with respect to this matter. Accordingly, we are discontinuing our representation.

  Since our services have concluded, we are closing our file in the above-referenced matter. We are in the process of moving closed files to storage. If you would like any documents from our closed file in your matter returned to you, please arrange to retrieve them as soon as practicable. Our limited storage space does not permit us to retain closed files indefinitely. Because closed files are periodically purged and contents destroyed without further notice to the client, it is important that you arrange to pick up any documents you desire within 30 days.

  It has been a pleasure representing you. If we can be of any service in the future, please do not hesitate to contact us.

              Very truly yours,

              William D. Frumkin

WDF:rlh

F:\APPLICAT\WP\Kasraie\L-Kasraie (closing) 10.01.12.wpd\rlh\abs

## Sapir & Frumkin LLP
ATTORNEYS AT LAW
399 KNOLLWOOD ROAD, SUITE 310
WHITE PLAINS, NEW YORK 10603
WRITER'S E-MAIL: DSapir@sapirfrumkin.com

DONALD L. SAPIR
WILLIAM D. FRUMKIN*

ELIZABETH E. HUNTER**
LEANNE R. HAMOVICH
KATHERINE L. BROMBERG
HOWARD SCHRAGIN

*ADMITTED IN N.Y. & CT
**ADMITTED IN N.Y. & CA

TEL: (914) 328-0366
FAX: (914) 682-9128

PARALEGAL
RACHEL L. HORTON

June 21, 2011

**_Via E-mail and First Class Mail_**
**_E-mail: mary_eden@live.com_**

Ms. Mary Eden R. Kasraie
3 Leewood Circle, Apt. # 3L
Eastchester, New York 10709

Re:   **_Mary Eden Kasraie v. Jumeirah Essex House_**

Dear Ms. Kasraie:

Howard Schragin has informed me of his meeting with you at our office on May 26, 2011 to discuss matters arising from your employment by the Jumeirah Essex House ("the Essex House"). You expressed interest in retaining us solely for the purpose of attempting to settle your claim regarding the denial of spousal life insurance benefits. We agree to do so on the following terms and conditions.

For a fee of $1,000.00, we agree to draft a letter to the Essex House setting forth factual and legal bases for the claim we have discussed and to try to settle your claim. You also agree to pay us a contingency fee of one-third (33⅓%) of any amount recovered as a result of our efforts to settle the case. The fee of $1,000.00 will be applied against any contingency fee recovered. Such percentage shall be computed on the gross sum recovered before deduction of employment and income taxes, but after payment of expenses and disbursements properly chargeable to the efforts to settle the claim(s). The payment of $1,000.00 shall be credited towards the net fee. You agree that any settlement offer of a fixed sum which includes a division proposed by the Essex House between damages and attorney's fees shall be treated by Sapir & Frumkin LLP and you as an offer of a single sum of money to be apportioned between Sapir & Frumkin LLP and you as outlined above. You also agree to pay all expenses and disbursements properly chargeable to your claim(s), including but not limited to express mail and postal costs, photocopies, travel charges, and computerized legal research charges.

Ms. Mary Eden R. Kasraie                    -2-                          June 21, 2011

    Please be advised that we will not commence or represent you in any administrative proceedings in connection with the denial of your spousal insurance benefits at this time. Prior to agreeing to represent you in any such proceeding, it will be necessary for us to enter into another retainer agreement setting forth the terms and conditions of our representation for those purposes. At this point we will simply attempt to settle the case. If we are able to do so, we receive a contingency fee. If we are unable to do so, we will notify you in writing and you will not be required to pay us any fee beyond the initial $1,000.00 payment for our services. Thereafter, we will not be obligated or authorized to further represent you.

    If you wish us to represent you for the purpose of attempting to settle your claim(s), it is necessary that you sign and date the enclosed retainer agreement in the appropriate place and return it with your payment of $1,000.00. You may contact our office manager if you wish to charge the $1,000.00 payment to a credit card account. We will not take any steps to attempt to settle your case until we have received from you the retainer agreement signed by you and the $1,000.00 retainer.

    Pursuant to rules adopted by the Courts of New York State, should any fee dispute arise between us, you may request mediation (non-binding alternative dispute resolution) and/or arbitration (final and binding alternative dispute resolution) proceeding(s) to resolve the dispute and we agree to participate in the process(es) selected by you.

    If you have any questions concerning this matter, please do not hesitate to call.

                                                                         Sincerely,

                                                                         Donald L. Sapir

DLS:rlh
Encl.

    I agree to the terms and conditions set forth in the above letter. I am enclosing a check for $1,000.00 or I have arranged with your office to make payment of $1,000.00 by credit card as a fee for drafting a letter to the Essex House and to try to negotiate a settlement of my claim(s). If there is no recovery or accepted offer of reinstatement, you may keep the $1,000.00 as payment in full for services rendered.

Dated: _____          _____
                                                         Mary Eden R. Kasraie

F:\APPLICAT\WP\OFFICE\RETAINER\Kasraie.Retainer.wpd\rlh