USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 1 0 2013

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
MARY EDEN R. KASRAIE,

      Plaintiff,

  -v-

JUMEIRAH HOSPITALITY & LEISURE
(USA), INC. et al.,

      Defendants.
---------------------------------------------------------------- X

12 Civ. 8829 (KBF)

MEMORANDUM
DECISION & ORDER

KATHERINE B. FORREST, District Judge:

In April 2013, Plaintiff pro se Mary Eden R. Kasraie brought this action against her employer, Defendants Jumeirah Hospitality & Leisure (USA), Inc. and Jumeirah Essex House, alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act of 1967 ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (Am. Compl. 1, ECF No. 17.)[1] Plaintiff's Complaint centers on her claims that Defendants failed to promote her, retaliated against her, and failed to pay her equally and to pay her overtime. (Am. Compl. 2–3.) Plaintiff also alleges that Defendants fails to pay her spousal insurance, which this Court construes as a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"). (Am. Compl. 3.)

---

[1] The Court considers the Amended Complaint and accompanying documents submitted by Plaintiff at ECF No. 17 together and refers to that single document as "the Complaint." The Court refers to the page numbers of that single electronic document throughout this decision rather than the page numbers of individual papers Plaintiff submitted with her Complaint.

Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, Defendants' motion to dismiss is GRANTED.

## BACKGROUND

### I. Facts Related to Title VII, ADEA, NYSHRL, and NYCHRL Claims

Defendants employed Plaintiff as a Coordinator in the Sales Department at the Jumeirah Essex House Hotel from about January 2006 to September 2012. (Am. Compl. 15.) Plaintiff alleges that she "endured discrimination" during that time, and that she "was not promoted, not consistently paid overtime," and had a "lesser salary at least by $10,000/year compared to [the] same position held by white and black, young employees." (Id.) More specifically, Plaintiff alleges that "[s]ome of her overtime was not paid from 2006–2012, approximately 2 hours per week." (Am. Compl. 16.)

Over the course of Plaintiff's employment, Defendants—and in particular John O'Mahoney and Simon Burnett, two white men in their 30s—allegedly made a series of unfavorable and discriminatory hiring decisions. (Am. Compl. 16–17.) In 2006, the Catering Sales Manager position was offered to Rachael Freedland, a white woman in her 20s, rather than to Plaintiff. (Am. Compl. 17.) In 2008, Defendants hired Jane Dickson, another white woman in her 20s, for the same Group Sales Committee position as Plaintiff, but at a salary approximately $10,000 higher. (Id.) In 2009, Plaintiff applied for a Sales Analyst position, but Defendants hired Jason Sutton, a white man in his 30s, instead. (Id.) In 2010, Plaintiff again

2

unsuccessfully applied for positions as Catering Sales Manager and Reservations Coordinator. (Id.) In 2011, Burnett hired Sophia Hrab, a white woman in her 20s, as Executive Meeting Manager, rather than Plaintiff. (Id.)

Plaintiff also alleges that Defendants retaliated against her by disciplining her, though they did not fire her. On April 28, 2011, Barnett "took [Plaintiff] to HR" and "was questioning [her] productivity and performance" based on two mistakes she had made that month. (Id.) A human resources employee, Judy Kim, "reprimanded [Plaintiff] immediately even without hearing what the issue was." (Id.) Plaintiff then "told HR" that "Barnett was not paying [her] appropriate overtime." (Am. Compl. 18.) Thereafter, "HR backed off and failed to fire" Plaintiff. (Id.)

Finally, Plaintiff alleges that in 2012—after discussions of her performance with her supervisors—Defendants again did not promote her to a Sales Executive position. Instead, Defendants promoted Alexis Totolis and Ana Nistor, white women in their 20s and 30s, respectively, to Sales Executive positions. (Id.)

## II. Facts Related to ERISA Claim

Plaintiff participated in Defendants' group life insurance policy offered through Unimerica Life Insurance Company of New York. (See generally Traub Aff. Ex. A (Unimerica Workplace Benefits Grp. Life Certificate of Coverage); Ex. B (Unimerica Workplace Benefits Accidental Death and Dismemberment Certificate of Coverage), ECF No. 19). These policies provide that "[n]o suit may be brought more than three years after the date of loss." (Traub Aff. Ex. A, at 10; Ex. B, at 10.)

3

On July 17, 2009, Plaintiff's husband died. (Traub Decl. Ex. D (Complaint), at 3.) Plaintiffs allege that Defendants "came short, very short" on their obligation to pay her $100,000 spousal insurance claim. (Am. Compl. 15.) In May 2011, Plaintiff sued for unpaid spousal insurance. (Id.) In September 2012, Plaintiff settled her case for $5,000. (Id.) However, Plaintiff alleges that Defendants paid only $4,338.57 rather than the full $5,000 they owed her from the settlement. (Id.)

III. Procedural History

Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about October 26, 2012. (Traub Aff. Ex. C (Notice of Charge of Discrimination), at 5.) She filed an initial complaint against Defendants on December 4, 2012. (ECF No. 2.) This Amended Complaint followed on April 12, 2013. (ECF No. 17.) Defendants moved to dismiss her Amended Complaint for failure to state a claim on April 19, 2013. (ECF No. 18.)

DISCUSSION

I. Standard of Review

  A. Legal Standard on Motion to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must provide the grounds upon which [its] claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007)). In other words, the complaint must allege "'enough facts to state a claim to relief that is plausible on its face.'" Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In applying that standard, the Court accepts as true all well-pled factual allegations, but does not credit "mere conclusory statements" or "threadbare recitals of the elements of a cause of action." Id. Furthermore, the Court will give "no effect to legal conclusions couched as factual allegations." Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly). If the Court can infer no more than "the mere possibility of misconduct" from the factual averments—in other words, if the well-pled allegations of the complaint have not "nudged [Plaintiff's] claims across the line from conceivable to plausible"—dismissal is appropriate. Twombly, 550 U.S. at 570.

Pro se complaints are to be construed "liberally" and interpreted "'to raise the strongest arguments that they suggest.'" Pabon v. Wright, 459 F.3d 241, 248 (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). Nonetheless, to survive a motion to dismiss, a pro se plaintiff must still plead enough facts to state a claim to relief that is plausible on its face. See Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011).

B. Legal Standard for Discrimination Claims

The Court evaluates all of Plaintiff's discrimination claims under the three-step burden shifting analysis set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); see Holowecki v. Federal Exp. Corp., 382 F. App'x 42, 45 (2d Cir. 2010) (McDonnell Douglas applies to age discrimination claims); Terry v. Ashcroft, 336 F.3d 128, 141 (2d Cir. 2003) (same for retaliation claims).

Under McDonnell Douglas, Plaintiff must first establish a prima facie case of discrimination by showing (1) that she was within a protected group; (2) that she was qualified for her position; (3) that she suffered an adverse employment action; and (4) that "such action occurred under circumstances giving rise to an inference of employment discrimination." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010).

If Plaintiff can demonstrate these elements, the burden then shifts to Defendants to "articulate some legitimate, nondiscriminatory reason" for the adverse employment action. Leibowitz v. Cornell Univ., 584 F.3d 487, 499 (2d Cir. 2009) (internal quotation marks omitted). Defendants' burden is "one of production, not persuasion." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133, 142 (2000).

Once Defendants have carried their burden, Plaintiff must then make a plausible case that their "legitimate, nondiscriminatory reason" for the adverse employment action was merely pretextual. Reeves at 143. Otherwise, Defendants are entitled to dismissal.

II. Analysis

   A. Plaintiff's Discrimination Claims

Defendants are entitled to dismissal of Plaintiff's discrimination claims pursuant to Title VII, the ADEA, the NYSHRL, and the NYCHRL. Plaintiff's Complaint is partially time-barred, and her factual allegations are in any event insufficient to state a claim that is "plausible on its face." Twombly, 550 U.S. at 570.

First, Plaintiff's federal claims are time-barred insofar as they refer to incidents that occurred earlier than December 26, 2011. Before filing a Title VII or ADEA action in federal court, a plaintiff must file timely charges of employment discrimination with the EEOC. See McDonnell Douglas, 411 U.S. at 798 (citing 42 U.S.C. §§ 2000e-5(a), (e)); Miller v. International Tel. & Tel. Corp., 755 F.2d 20, 23 (2d Cir. 1985) (citing 29 U.S.C. §§ 626(d)(2), 633(b)). In New York, an employment discrimination claim is time-barred unless the plaintiff first files an EEOC charge within 300 days of the alleged discrimination. See Pikulin v. City Univ. of N.Y., 176 F.3d 598, 599 (2d Cir. 1999). Plaintiff filed her EEOC charge on October 26, 2012. (Traub Decl. Ex. C, at 5.) Accordingly, she cannot assert Title VII or ADEA claims arising from events that took place earlier than December 26, 2011, 300 days prior to that date.

Meanwhile, Plaintiff's NYSHRL and NYCHRL claims are time-barred insofar as they refer to incidents earlier than December 4, 2009. Claims under the NYSHRL and NYCHRL must be filed within three years of the alleged

7

discriminatory act. See Milani v. IBM Corp., 322 F. Supp. 2d 434, 451 (S.D.N.Y. 2004). Plaintiff filed her initial complaint on December 4, 2012. (ECF No. 2.) She therefore cannot assert NYSHRL and NYCHRL claims arising from events that took place earlier than December 4, 2009, three years before that date.

The Court is mindful that Plaintiff worked until 2012, which is well within the statute of limitations, and that she alleges discrimination throughout the period 2006 to 2012. (Am. Compl. 15–16.) However, the facts supporting her claims relate largely to occurrences outside the statute of limitations. For example, she alleges that Defendants discriminatorily failed to promote her and hired young white employees instead of her in 2008, 2009, and 2010. (See Am. Compl. 17.) While her factual allegations are few to begin with, the record of events within the statute of limitations is even sparer. (See Am. Compl. 15–18.)

Moreover, the facts that Plaintiff has alleged within the statute of limitations plainly fail to state a prima facie case of discrimination under McDonnell Douglas that is "plausible on its face." Twombly, 550 U.S. at 570. Plaintiff must allege that she was within a protected group, that she was qualified for her position, that she suffered an adverse employment action, and that "such action occurred under circumstances giving rise to an inference of employment discrimination." Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 107 (2d Cir. 2010). Plaintiff states that she is an Asian female (Am. Compl. 3) and that she had experience relevant to the positions for which she applied (Am. Compl. 16–17). To rely on Defendants' failure to promote her as an adverse employment action, Plaintiff must show not only that

8

she was rejected for the position in question but that "the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." Brown v. Coach Stores, Inc., 163 F.3d 706, 709 (2d Cir. 1998). Even assuming that Plaintiff had alleged sufficient facts to meet this standard, which this Court doubts, her prima facie case must fail on the fourth prong.

Ultimately, Plaintiff's Complaint is implausible because these sporadic incidents of failure to promote Plaintiff to various positions allow no "reasonable inference" that Plaintiff Defendants have engaged in discrimination. See Iqbal, 556 U.S. 678 (2009). Defendants have "discretion to choose among equally qualified candidates." Texas Dep't of Community Affairs, 450 U.S. 248, 259 (1981). Plaintiff states simply that Defendants hired young white people rather than her, but has "presented no evidence to show that this was anything but coincidence." Neishlos v. New York, No. 00 Civ. 914 (SAS), 2003 WL 22480043, at *7 (S.D.N.Y. Nov. 3, 2003).

Thus, at bottom, Plaintiff's Complaint consists of no more than barebones allegations that she "endured discrimination" and that "discrimination . . . was going on in my department" (Am. Compl. 15, 17). Because Plaintiff supports that allegation with no specific facts indicating any discriminatory animus whatsoever on the part of her superiors, her claim is speculative and a "mere conclusory statement[]" that this Court cannot accept. See Iqbal, 556 U.S. at 678. Therefore, an "inference of discrimination from this bald assertion would be unreasonable and cannot be made." Neishlos, 2003 WL 22480043, at *7 (citing Bickerstaff v. Vassar College, 196 F.3d 435, 452 (2d Cir. 1999)).

Because Plaintiff fails to establish a prima face case of discrimination, Plaintiff's claims of discrimination pursuant to Title VII, the ADEA, the NYSHRL, and the NYCHRL are dismissed.

B. <u>Plaintiff's Retaliation Claim</u>

Plaintiff's retaliation claim must similarly be dismissed because she fails to allege a prima facie case of retaliation.

To state a Title VII claim for retaliation based on a complaint of employment discrimination, Plaintiff must plead facts showing that (1) she participated in a protected activity known to Defendants; (2) Defendants took an employment action disadvantaging her; and (3) there exists a causal connection between the protected activity and the adverse action. See, e.g., <u>Feingold v. New York</u>, 366 F.3d 138, 156 (2d Cir. 2004). The same standard applies to retaliation claims under the NYSHRL and NYCHRL, at least on a motion to dismiss. See <u>Forrest v. Jewish Guild for the Blind</u>, 3 N.Y.3d 295, 312–13 (1994).

Plaintiff's Complaint fails to state a retaliation claim that is "plausible on its face." <u>Twombly</u>, 550 U.S. at 570. Plaintiff alleges only that Defendants disciplined and "reprimanded" her at meetings with human resources, and that they failed to promote her to Sales Executive after her meeting—not that they ultimately terminated her. (<u>See</u> Am. Compl. 17–18.) These meetings to discuss Plaintiff's performance are highly unlikely to be an "adverse employment action," particularly when Plaintiff acknowledges that she had made mistakes. (<u>See</u> Am. Compl. 17.) Even assuming that failure to promote Plaintiff to Sales Executive were an adverse

10

employment action under these circumstances, her allegations show only a highly attenuated, implausible "causal connection" between her complaining of discrimination and the failure to promote. See Feingold, 366 F.3d at 156.

The facts that Plaintiff alleges in her Complaint do not "nudge" her retaliation claims "across the line from conceivable to plausible." Twombly, 550 U.S. at 570. Plaintiff's retaliation claims are therefore dismissed.

C. Plaintiff's Unpaid Overtime Claim

While Plaintiff alleges no violations of labor law on the face of her Complaint, the Court construes certain facts she presents as evidence of unpaid overtime wages. Plaintiff alleges that two hours per week of overtime were not paid, while "[o]ther coordinators received overtime without question." (Am. Compl. 15–16.) She provides these details to support her claims of discrimination (see id.), which fail for the reasons explained above. However, the Court construes Plaintiff's Complaint "liberally," as it must, Pabon, 459 F.3d at 248, and analyzes whether the Complaint states a claim as to violations of labor law that can survive Defendants' motion to dismiss.

Construed liberally, the Complaint includes the elements of a state law claim for unpaid overtime pursuant to the New York Labor Law (NYLL). Under the NYLL, plaintiffs are entitled to "full wages," including "unpaid overtime compensation." See Santillan v. Henao, 822 F. Supp. 2d 284, 293 (E.D.N.Y. 2011) (quoting N.Y. Lab. Law § 198(3)).

Conversely, Plaintiff's complaint does not include the elements of a federal claim for unpaid overtime under the Fair Labor Standards Act (FLSA). The FLSA requires that employers pay overtime for employment in excess of 40 hours per week. See Wraga v. Marble Lite, Inc., No. 05 Civ. 5038 (JG) (RER), 2006 WL 2443554, at *1 (E.D.N.Y. Aug. 22, 2006) (citing 29 U.S.C. § 207(a)(1)). However, the FLSA applies only to employees who are "engaged in commerce or in the production of goods for [interstate] commerce" or who are "employed in an enterprise engaged in commerce or in the production of goods for [interstate] commerce." See 29 U.S.C. § 207(a)(1). Plaintiff fails to allege this jurisdictional element of an FLSA claim, and she has failed to state a claim upon which relief can be granted in federal court.

The Court consequently dismisses Plaintiff's federal claims related to unpaid overtime and declines jurisdiction over Plaintiff's similar state-law claims. However, the Court allows Plaintiff leave to replead her Complaint in state court.[2]

D.  Plaintiff's ERISA Claim

The Court construes Plaintiff's claim for unpaid spousal insurance as a claim under ERISA. (See Am. Compl. 3.) ERISA permits employees to sue to challenge the administration of their employers' benefit plans. See, e.g., Plumbing Indus. Bd., Plumbing Local Union No. 1 v. E.W. Howell Co., 126, F.3d 61, 66 (2d Cir. 1997).

---

[2] The Court also notes that Plaintiff alleges unpaid overtime from 2006 to 2012 (Am. Compl. 16), and that the NYLL has a longer statute of limitations—six years rather than two or three (depending on whether the employer's violation was willful). See Wong v. Hunda Glass Corp., No. 09 Civ. 4402 (RLE), 2010 WL 2541698 (S.D.N.Y. June 23, 2010). Thus, filing her claim as a NYLL claim would enable Plaintiff to allege violations of the NYLL based on all six years of alleged conduct, rather than only the last two or three years prior to the filing of her Complaint.

Plaintiff settled her lawsuit for unpaid spousal insurance for $5,000 in September 2012. (Am. Compl. 15.) This alone might warrant dismissal of her federal ERISA claim. Plaintiff's assertion that she was paid $4,338.57 rather than the full $5,000 is properly a claim for breach of contract, not for a violation of federal law. See, e.g., Boudle v. CMI Network, Inc., No. 07 Civ. 2820, 2009 WL 205045, at *2 (E.D.N.Y. Jan. 27, 2009); General Elec. Capital Corp. v. Directv, Inc., No. 97 Civ. 1901 (PCD), 1999 WL 339541791, at *1 (D. Conn. 1999).

Plaintiff's ERISA claim is also time-barred. Because Congress neglected to establish a statute of limitations for enforcement of ERISA, a court must apply the limitations period of the state-law cause of action most analogous to the federal claim. Sandberg v. KPMG Peat Marwick, L.L.P., 111 F.3d 331, 333 (2d Cir. 1997). However, courts in this circuit have held that specific contractual provisions may shorten the state-law statute of limitations. See, e.g., Patterson-Priori v. Unum Life Ins. Co. of Am., 846 F. Supp. 1102, 1105 & n.5 (E.D.N.Y. 1994) (citing Scheirer v. NMU Pension & Welfare Plan, 585 F. Supp. 76 (S.D.N.Y. 1984); N.Y. C.P.L.R. § 201).

Here, the statute of limitations set forth in the Unimerica Life Insurance Company policies was three years from the date of loss. (Traub Aff. Ex. A, at 10; Ex. B, at 10.) The date of loss in this case was the death of Plaintiff's husband on July 17, 2009. (Traub Decl. Ex. D, at 3.) The limitations period thus expired three years after that date, on July 17, 2012. Plaintiff filed her first complaint for spousal death benefits on December 17, 2012, and that complaint is therefore time-barred.

13

(See Compl., ECF No. 2.) Plaintiff's remaining allegation that Defendants failed to pay the full settlement amount is, again, a claim for breach of contract.

Accordingly, the Court dismisses Plaintiff's claim for unpaid spousal insurance benefits. However, the Court grants Plaintiff leave to file a state-court claim for breach of contract against Defendants for failure to pay the full settlement amount.

## CONCLUSION

Plaintiff alleges that clients consistently complemented her performance, even as Defendants repeatedly ignored her and passed her over for promotion. That may be true, and it may be unfortunate. However, even if true, those facts alone simply do not amount to a claim of discrimination or retaliation. Plaintiff also fails to plead the facts necessary for an unpaid overtime claim under federal law, though she may have a viable state-law claim. Finally, while the death of Plaintiff's husband is no doubt also unfortunate, her decision to settle her lawsuit for spousal death benefits precludes her from a second bite at the apple in this Court.

For these reasons, the Court GRANTS Defendants' motion to dismiss in its entirety, but grants Plaintiff leave to file claims for her unpaid overtime and her unpaid settlement amount in state court. The Clerk of Court is directed to terminate the motion at ECF No. 18 and to close this case.

SO ORDERED.

Dated:  New York, New York
October 10, 2013

*K B. Forrest*
KATHERINE B. FORREST
United States District Judge

CC:
Mary Eden R. Kasraie
3 Leewood Circle
Apt. # 3L
Eastchester, NY 10709
Mary_Eden@live.com